

# IN THE
# TENTH COURT OF APPEALS

_____

**No. 10-21-00136-CR**
**No. 10-21-00137-CR**
**No. 10-21-00138-CR**
**No. 10-21-00139-CR**
**No. 10-21-00140-CR**
**No. 10-21-00141-CR**

**JAMES RILEY LEMONS,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

_____

**From the 278th District Court**
**Walker County, Texas**
**Trial Court Nos. 29221, 29317,**
**29313, 29311, 29309, 29315**

_____

## O R D E R

_____

Appellant James Riley Lemons has filed a pro se notice of appeal in each of the

above-numbered cases.  The court reporter's record reflects Lemons was advised of his

right to have an attorney appointed to represent him on appeal but elected to represent himself. The trial court clerk's record does not, however, contain the written waiver required by the Code of Criminal Procedure.

Subsection f of article 1.051 of the Code of Criminal Procedure authorizes a criminal defendant to waive his right to appointed counsel, so long as the waiver is made "voluntarily and intelligently" and "in writing." TEX. CODE CRIM. PROC. ANN. art. 1.051(f). Once the right to self-representation is asserted, the trial judge must inform the defendant about "the dangers and disadvantages of self-representation," so that the record will establish that he knows what he is doing and that his choice is made with eyes open. *See id*. art. 1.051(g). If the court determines that the criminal defendant has voluntarily and intelligently waived his right to counsel, the court shall require him to execute a written waiver of counsel which substantially complies with article 1.051(g). *Id*.

Accordingly, each of the above numbered cause numbers is abated to the trial court to supplement the trial court clerk's record with a written waiver of the right to appointed counsel on appeal that complies with art. 1.051(f). The trial court shall then file the written waiver of the right to appointed counsel on appeal with the trial court clerk in each of the above cause numbers within thirty (30) days of the date of this Order. Once the written waivers of the right to appointed counsel on appeal have been filed, the trial court clerk shall file a supplemental clerk's record with this Court in each of the above cause numbers within ten (10) days. If Appellant declines to execute a

written waiver of the right to appointed counsel on appeal, the trial court shall appoint

counsel to represent Appellant on appeal.


PER CURIAM


Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Order issued and filed December 20, 2021
RWR

